IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clyde Turaine Brand, | Case No.: 9:25-cv-03539-JD-MHC |
| Petitioner, | |
| vs. | |
| | **ORDER** |
| Warden of FCI Florence, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry (DE 15), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (DE 11) filed in response to Petitioner's pro se petition for a writ of habeas corpus (DE 1) under 28 U.S.C. § 2241.[1]

**A.   Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner Clyde Turaine Brand ("Petitioner") is a federal inmate in the custody of the Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institution in Florence, Colorado. Petitioner filed this habeas action

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

under 28 U.S.C. § 2241, challenging disciplinary sanctions imposed at FCI Bennettsville on January 29, 2025, arising from Incident Report No. 4050578 charging him with Fighting with Another Person (Code 201). (DE 1-1.) He alleges the disciplinary proceedings violated his due process rights and Bureau of Prisons policy because: (1) the Unit Discipline Committee hearing was not held within five business days of service of the Incident Report; (2) the report was rewritten without prior administrative approval; (3) the Discipline Hearing Officer report was not delivered within five days of the hearing; and (4) his right to appeal through the administrative remedy process was violated. (*Id.* at 3-4.)

Respondent FCI Florence ("Respondent") moved to dismiss the Petition or, in the alternative, for Summary Judgment, contending that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies and his claims lack merit.[2] (DE 11.) Petitioner filed a response in opposition. (DE 14.)

B.    **Report and Recommendation**

On January 23, 2026, the Magistrate Judge issued the Report recommending that Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (DE 11) be granted and that the Petition be dismissed. (DE 15.) The Report explains that Petitioner's § 2241 Petition challenges disciplinary sanctions imposed in connection with Incident Report No. 4050578 for Fighting with Another Person and

---

[2]    Respondent moved under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. (DE 11.) Because the parties submitted matters outside of the Petition, which the Magistrate Judge considered and this Court adopts, Respondent's Motion is treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

2

asserts that the disciplinary proceedings violated his due process rights and Bureau of Prisons policy because the Unit Discipline Committee hearing was untimely, the report was rewritten without prior approval, the Discipline Hearing Officer report was not timely delivered, and his ability to pursue an administrative appeal was impaired. (DE 15 at 1–2, 12.)

The Magistrate Judge concluded that these claims fail on the merits because the record shows Petitioner received the procedural protections required in the prison disciplinary context and because the disciplinary decision was supported by evidence in the record. (DE 15 at 12–22.) The Report further concludes that dismissal is independently warranted because Petitioner failed to exhaust his available administrative remedies before filing this action, and he failed to establish cause and prejudice or other exceptional circumstances excusing that failure. (DE 15 at 10–12, 22.) The Magistrate Judge therefore recommended that Respondent's Motion for Summary Judgment be granted and that the Petition be dismissed. (DE 15 at 23.).

C.  **Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of

the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.     Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. Upon review of the Report and the underlying record, the Court finds none.

**E.     Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 15) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 11) is GRANTED and the Petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 26, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.